S. E. WASHINGTON et al. v. STATE.

No. A-5831. Opinion Filed Aug. 12, 1927.
(259 Pac. 150.)

416

M. D. Hartsell and W. W. Momyer, for plaintiffs in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the state.

DOYLE, P. J.   The information in this case charges that in Muskogee county, February 9, 1924, S. E. Washington and Joe Walker did have in their possession 33 gallons of whisky with the unlawful intent to sell the same.   On the trial the jury returned separate verdicts against each defendant.   The verdict against defendant Washington fixed his punishment at a fine of $100 and confinement in the county jail for 60 days; the verdict against the defendant Walker fixed his punishment at a fine of $500 and confinement in the county jail for 6 months.   They have appealed from the judgments so rendered.

The assigned grounds for reversal are the admission of incompetent testimony, secured without a search warrant, and that the court erred in refusing to give requested instructions and in giving certain instructions.

The first question presented is whether the search was lawful.

It appears that the defendant Walker owned and occupied a house and 2 acres of land around the same. That an officer, riding by on the day alleged, smelled the odor of whisky mash, and with four other officers returned that evening to the place and in a shed found the defendant Washington running a still and 15 or 20 barrels of mash near by, also quantities of sugar, chops, bran, malt, and 33 gallons of whisky.

H. L. Watts, deputy sheriff, testified that with four other officers he visited the place that evening; that before they reached the place they could smell mash cooking and noticed a flash light playing around in the shed; that they got out of the car and went to the shed and found a 75-gallon still in full operation with whisky running from the coils and 33 gallons of whisky in 5-gallon jugs, and about 20 barrels of mash; that the defendant Washington was operating the still and told them how much whisky he got out of a barrel of mash, and how long it took to make it.

The testimony of the witnesses England and Payne is substantially that given by the witness Watts. They each testified that they could smell the mash cooking, and that they knew it was whisky mash; that they had a conversation with the defendant Walker in which he said he had rented the shed to Washington to make whisky; that neither the still nor the whisky belonged to him.

At the close of the state's evidence the defendants made a motion to strike all the evidence, whether by way of exhibit or by testimony obtained by reason of the search, on the ground that the evidence was procured by an unreasonable and illegal search without a search warrant, in violation of their constitutional rights. The motion was denied. The defendant Walker then moved

the court to direct the jury to return a verdict of not guilty, which was overruled.

As a witness in his own behalf, Joe Walker testified that he did not have any interest in the whisky, still, or other appurtenances in connection therewith found by the officers that might; that he did not tell the officers that he had rented this place to the other defendant for the purpose of making whisky; that he told the defendant Washington he could not make whisky out there; and that Washington said he could because he had rented the place from him.

The defendant Washington did not testify. We deem it sufficient to say that only unreasonable searches and seizures are prohibited. The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime, and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, or which may be of use as evidence at the trial, is not to be doubted.

The undisputed facts and circumstances as testified to by the officers within their knowledge before entering the place, were sufficient to warrant them in believing that intoxicating liquor was being manufactured in the shed where they observed the flash light. The admissions against interest made by the defendant Washington were conclusive as to his guilt of the offense charged.

As to the defendant Walker, he did not claim to be in possession of the shed. However, there was, we think, sufficient evidence to connect him with the commission of the offense charged, and the same was sufficient to warrant the submission of the case to the jury.

The instructions given fully and fairly covered the

law of the case, and for this reason the instructions requested were properly refused.

The judgments of conviction appealed from herein are therefore affirmed.

EDWARDS and DAVENPORT, JJ., concur.